{¶ 10} I dissent. The issue in this case is whether Walsh was terminated on October 19th or not. Walsh argues she believed she was terminated that day and was not afforded a pretermination hearing. She argues the events that occurred after that day are irrelevant because she believed she was terminated on October 19th. Her co-worker, April Elsea, testified that immediately following the October 19th meeting with Terrence Allen and Walsh, Allen exited his office and said "Walsh would no longer be with them." He did not say he thought she would resign or expected her to resign. He said she would no longer be with them.
 {¶ 11} Instead of debating who is telling the truth, justice would demand that Walsh be given a predetermination hearing. The United States Supreme Court has concluded that classified civil servants under Ohio law must be afforded some minimal form of pretermination hearing.[1] The record does not support that Walsh was afforded such a hearing prior to her effective termination. Although the record reflects that the Department of Health officially sent Walsh notice of a pretermination hearing, it is apparent to me that Walsh's "final review" was effectively a termination hearing without notice. I would reverse and remand this matter.
[1] See Cleveland Bd. of Edn. v. Loudermill (1985), 470 U.S. 532,547-548, 105 S.Ct. 1487.